IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMILCAR BENITEZ, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:11cv0461 (CMH/JFA) |
| ) | |
| BRAGA CONSTRUCTION ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the Court on plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 9). Plaintiffs Amilcar Benitez ("Benitez"), Franz Valeriano ("Valeriano"), and Jose Felicito Melgar ("Melgar") (collectively "plaintiffs") seek a default judgment against defendant Braga Construction Company, Inc. ("Braga" or "defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the Court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On April 28, 2011, plaintiffs filed their complaint alleging that defendant failed to pay them overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and failed to pay them wages for straight time worked at an agreed upon hourly rate. (Docket no. 1). The complaint alleges that this action is being brought on behalf of the three named plaintiffs "and similarly situated employees." (Compl. ¶ 1). No other plaintiff has opted

into this action pursuant to 29 U.S.C. § 216(b) and this motion for default judgment is limited to the three initial plaintiffs.

In the complaint, plaintiffs demand judgment against defendant for unpaid compensation, including unpaid overtime, as well as an equal amount in liquidated damages as authorized by 29 U.S.C. § 216, interest, the costs of this action, and reasonable attorney's fees. (Docket no. 1).

On April 28, 2011, a summons was issued and given to counsel for plaintiffs for service on the defendant. (Docket no. 2). The summons and complaint were served on the defendant's registered agent on April 29, 2011, as shown in the return of service filed on May 2, 2011. (Docket no. 5). In accordance with Fed. R. Civ. P. 12(a), a responsive pleading from defendant was due on May 20, 2011, twenty-one (21) days after service of the summons and complaint.

Defendant did not file a responsive pleading in a timely manner and on August 8, 2011, the Honorable Claude M. Hilton ordered the plaintiffs to obtain a default from the Clerk of Court pursuant to Fed. R. Civ. P. 55(a) and, after obtaining entry of default, to file a motion for default judgment. (Docket no. 6). Plaintiffs were further ordered to file a notice setting a hearing on the motion for default judgment for 10:00 a.m. on August 26, 2011 before the undersigned magistrate judge. (Docket no. 6).

On August 17, 2011, plaintiffs filed a request for entry of default. (Docket no. 7). The Clerk of Court entered default against the defendant pursuant to Fed. R. Civ. P. 55(a) on August 18, 2011. (Docket no. 8). On August 19, 2011, plaintiffs filed their motion for default judgment and noticed it for a hearing on August 26, 2011. (Docket nos. 9, 11). In support of the motion for default judgment, plaintiffs submitted a memorandum and a declaration of Michael E. Barnsback. (Docket nos. 10, 10-1).

On August 26, 2011 this matter was called in open court; counsel for plaintiffs appeared and no one appeared on behalf of defendant.

### Factual Background

The following facts are established by the complaint (Docket no. 1), plaintiffs' memorandum in support of their motion for entry of default judgment (Docket no. 10), the declaration of Michael E. Barnsback submitted in support of the motion for default judgment ("Barnsback Declaration") (Docket no. 10-1), and the exhibits attached thereto. Plaintiffs Benitez, Valeriano, and Melgar are adult residents of the Commonwealth of Virginia. (Compl. ¶¶ 4-6). Defendant Braga is a corporation organized under the laws of the State of Maryland with its principal place of business in Maryland. (Compl. ¶ 5). Defendant does a significant amount of business in Virginia. (*Id.*). Defendant is in the construction business and at all times relevant to this action employed each plaintiff within the meaning of the FLSA. (Compl. ¶¶ 10-14).

**Plaintiff Amilcar Benitez**

Beginning as early as April 2009, defendant employed Benitez to perform construction work at a rate of sixteen dollars ($16.00) per hour. (Compl. ¶ 4, Barnsback Decl., Ex. 4, 5). Based upon that rate of pay, the applicable overtime rate would be twenty-four dollars ($24.00) per hour (*i.e.*, one and one-half times the regular rate; 29 U.S.C. § 207(a)(1) ("Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times

3

the regular rate at which he is employed.")). (*Id.*). Over the course of his employment, defendant did not pay Benitez overtime wages, equal to time and one-half of his regular rate, for hours he worked in excess of forty (40) during each work week.[1] (Compl. ¶ 17). In addition, defendant has not paid Benitez all the wages he is owed for the hours he worked while he was employed by defendant on a straight time basis (forty (40) hours a week or less). (*Id.*).

**Plaintiff Franz Valeriano**

Beginning as early as February 2010, defendant employed Valeriano to perform construction work at a rate of seventeen dollars ($17.00) per hour. (Compl. ¶ 5, Barnsback Decl., Ex. 4, 5). Based upon that rate of pay, the applicable overtime rate would be twenty-five dollars and fifty cents ($25.50) per hour (*i.e.*, one and one-half times the regular rate; 29 U.S.C. § 207(a)(1)). (*Id.*). Over the course of his employment, defendant did not pay Valeriano overtime wages, equal to time and one-half of his regular rate, for hours he worked in excess of forty (40) during each work week. (Compl. ¶ 17). In addition, defendant has not paid Valeriano all the wages he is owed for the hours he worked while he was employed by defendant on a straight time basis. (*Id.*).

**Plaintiff Jose Felicito Melgar**

Beginning as early as January 2009, defendant employed Melgar to perform construction work at a rate of sixteen dollars ($16.00) per hour. (Compl. ¶ 6, Barnsback Decl., Ex. 4, 5). Based upon that rate of pay, the applicable overtime rate would be twenty-four dollars ($24.00) per hour (*i.e.*, one and one-half times the regular rate; 29 U.S.C. § 207(a)(1)). (*Id.*). Over the course of his employment, defendant did not pay Melgar overtime wages, equal

---

[1] "As the Plaintiffs were paid the [overtime] hours at the regular rate, the half-time amount is owed for each of the [overtime] hours at issue." (Docket no. 10).

4

to time and one-half of his regular rate, for hours he worked in excess of forty (40) during each work week. (Compl. ¶ 17). In addition, defendant has not paid Melgar all the wages he is owed for the hours he worked while he was employed by defendant on a straight time basis. (Id.).

Plaintiffs claim that in performing their duties on defendant's behalf, they were engaged in commerce across state lines by using goods manufactured in other states and working on goods or materials that have been moved in or produced for interstate commerce. (Compl. ¶ 14). Plaintiffs also assert that defendant's acts were willful (allowing for a three-year statute of limitations under the FLSA) and caused damages to each of them. (Compl. ¶¶ 22, 27).

Plaintiffs claim that as a result of defendant's actions and violations of the FLSA, they are entitled to their unpaid straight time and overtime wages and an equal amount in liquidated damages,[2] plus their costs, interest, and attorneys' fees. (Compl., Prayer for Relief).

Benitez seeks a total of $2,664.00, comprised of $1,472.00 in straight time owed and $596.00 in overtime wages owed,[3] plus an additional $596.00 in liquidated damages. (Docket no. 10, Barnsback Decl., Ex. 4, 5, 7). Valeriano seeks a total of $2,660.50, comprised of $2,312.00 in straight time owed[4] and $174.25 in overtime wages owed,[5] plus an additional $174.25 in liquidated damages. (Docket no. 10, Barnsback Decl., Ex. 4, 5). Melgar seeks a total of $3,768.00, comprised of $2,504.00 in straight time owed and $632.00 in overtime wages

---

[2] On August 29, 2011, plaintiffs withdrew their claims for liquidated damages for uncompensated straight time. (Docket no. 13).
[3] *Supra*, note 1.
[4] Valeriano seeks $2,312.00 in straight time owed for 144.5 hours at $16.00 per hour; however, his regular hourly rate is listed as $17.00 per hour in Exhibit 5 to Barnsback's Declaration (Docket nos. 10-1, 10-6). If Valeriano's regular rate is indeed $17.00 per hour, he is in fact owed $2,456.50 for 144.5 hours of unpaid straight time.
[5] *Supra*, note 1.

owed,[6] plus an additional $632.00 in liquidated damages (Docket no. 10, Barnsback Decl., Ex. 4, 5, 6).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on defendant's failure to file a responsive pleading in a timely manner, the Clerk has entered default. (Docket no. 8).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiffs state that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. (Compl. ¶ 2). The FLSA provides that any action to recover unpaid minimum or overtime wages, and for liquidated damages, may be maintained "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). In turn, 28 U.S.C. § 1331 provides that the district courts shall have original

---

[6] *Id.*

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Finally, 28 U.S.C. § 1337 provides that the district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. Since this action arises from a law of the United States, the FLSA, and further arises from an Act of Congress regulating commerce, this court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. §§ 1331 and 1337. The court has supplemental jurisdiction over the claims for unpaid straight time pursuant to 28 U.S.C. § 1367.

This court also has personal jurisdiction over the defendant. As stated in the complaint and elaborated upon in the plaintiffs' motion for default judgment (Docket no. 10), the defendant regularly does significant business in Virginia. (Compl. ¶ 5). Further, a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this judicial district since the plaintiffs were employed at construction sites in this judicial district. (Compl. ¶ 3).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over defendant, and that venue is proper in this court.

### Service

Pursuant to Fed. R. Civ. P. 4(h), a corporation may be served in a judicial district of the United States in the manner prescribed in Rule 4(e)(1) for serving an individual. Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Plaintiffs served defendant through its registered agent,

Victor A. Cuco at 3300 North Fairfax Drive, Suite 222, Arlington, Virginia on April 29, 2011. (Docket no. 5, Barnsback Decl. Ex. 1). Accordingly, the undersigned magistrate judge recommends a finding that defendant was served properly with the summons and complaint.

## Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), a responsive pleading was due from defendant on May 20, 2011. No responsive pleading was filed in a timely manner. On August 17, 2011, plaintiffs filed their request for entry of default with a supporting affidavit. (Docket no. 7). The Clerk of the Court entered a default on August 18, 2011. (Docket no. 8). The currently pending motion for default judgment and the notice of hearing were filed on August 19, 2011 and they were served on defendant by mail the same day. (Docket nos. 9, 11).

Based on the above, the undersigned magistrate judge recommends a finding that the defendant was served properly, that defendant failed to file a responsive pleading in a timely manner, and that the Clerk properly entered a default as to defendant.

## Liability and Measure of Damages

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant failed to file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, defendant has violated certain provisions of the FLSA, 29 U.S.C. §§ 206 and 207. Defendant is required by the FLSA to compensate each employee at a minimum wage for each hour worked. 29 U.S.C. § 206(a). In addition, for each hour worked in excess of forty (40) worked during any given work week, the FLSA guarantees an employee overtime pay at a rate not less than one and one-half (1-1/2) times the employee's

regular rate of pay. 29 U.S.C. § 207(a). The motion for default judgment seeks a judgment in the amount of plaintiffs' unpaid straight time and overtime wages, an equal amount of liquidated damages for the unpaid overtime wages, and the costs of this action.

The facts set forth in the complaint, plaintiffs' motion for default judgment, and the declaration from Michael E. Barnsback and exhibits attached thereto establish that Benitez was employed by defendant as a laborer performing construction work in Virginia from April 2009 to August 2010. (Compl. ¶ 4, Barnsback Decl., Ex. 4, 5). Defendant hired Benitez to perform construction work at a rate of sixteen dollars ($16.00) per hour worked. (Barnsback Decl., Ex. 4, 5). Benitez received no overtime wages during this period of employment with defendant. (Compl. ¶ 17). As shown in Exhibits 4 and 5 to the Barnsback declaration filed on August 19, 2011, Benitez worked 74.5 overtime hours between April 2009 and August 2010. (Barnsback Decl., Ex. 4, 5). Benitez was paid for these hours at the regular rate only, and seeks an award of an additional $8.00 an hour for each overtime hour worked during that period, or $596.00 in overtime wages, plus liquidated damages in an equal amount. (Docket no. 10, Barsnback Decl., Ex. 4, 5).

Benitez also seeks an award of $1,472.00 for 92 hours of unpaid straight time at $16.00 per hour for the period between January and February 2011. (Docket no. 10, Barnbsback Decl. ¶¶ 7, 8, Ex. 7). As stated in the Barnsback Declaration, Benitez's payroll checks for three pay periods (January 17 to January 30, 2011; January 31 to February 14, 2011; and February 15 to February 28, 2011) were dishonored by the bank. (Barnsback Decl. ¶ 7). It is undisputed that because of this, Benitez did not receive payment for the 92 hours he worked for defendant during this period at his regular rate of $16.00 per hour. (*Id.* at ¶ 8).

The facts set forth in the complaint, plaintiffs' motion for default judgment, and the declaration from Michael E. Barnsback and exhibits attached thereto establish that Valeriano was employed by defendant as a laborer performing construction work in Virginia from February 2010 to August 2010. (Compl. ¶ 5, Barnsback Decl., Ex. 4, 5). Defendant hired Valeriano to perform construction work at a rate of seventeen dollars ($17.00) per hour worked. (Barnsback Decl., Ex. 4, 5). Valeriano received no overtime wages during this period of employment with defendant. (Compl. ¶ 17). As shown in Exhibits 4 and 5 to the Barnsback declaration filed on August 19, 2011, Valeriano worked 20.5 overtime hours between February and August 2010. (Barnsback Decl., Ex. 4, 5). Valeriano was paid for these hours at the regular rate only, and seeks an award of an additional $8.50 an hour for each overtime hour worked during that period, or $174.25 in overtime wages, plus liquidated damages in an equal amount. (Docket no. 10, Barsnback Decl., Ex. 4, 5).

Valeriano also seeks an award of $2,312.00 for 144.5 hours of unpaid straight time at $16.00 per hour for the period between January and February 2011. (Docket no. 10, Barnsback Decl. ¶¶ 7, 8). As stated in the Barnsback Declaration, Valeriano's payroll checks for three pay periods (January 17 to January 30, 2011; January 31 to February 14, 2011; and February 15 to February 28, 2011) were dishonored by the bank. (Barnsback Decl. ¶ 7). It is undisputed that because of this, Valeriano did not receive payment for the 144.5 hours he worked for defendant during this period at his regular rate of $16.00 per hour.[7] (*Id.* at ¶ 8).

The facts set forth in the complaint, plaintiffs' motion for default judgment, and the declaration from Michael E. Barnsback and exhibits attached thereto establish that Melgar was

---

[7] *Supra*, note 4.

employed by defendant as a laborer performing construction work in Virginia from January 2009 to April 2010. (Compl. ¶ 6, Barnsback Decl., Ex. 4, 5). Defendant hired Melgar to perform construction work at a rate of sixteen dollars ($16.00) per hour worked. (Barnsback Decl., Ex. 4, 5). Melgar received no overtime wages during this period of employment with defendant. (Compl. ¶ 17). As shown in Exhibits 4 and 5 to the Barnsback declaration filed on August 19, 2011, Melgar worked 79 overtime hours between January 2009 and April 2010. (Barnsback Decl., Ex. 4, 5). Melgar was paid for these hours at the regular rate only, and seeks an award of an additional $8.00 an hour for each overtime hour worked during that period, or $632.00 in overtime wages, plus liquidated damages in an equal amount. (Docket no. 10, Barsnback Decl., Ex. 4, 5).

Melgar also seeks an award of $2,504.00 for 156.5 hours of unpaid straight time at $16.00 per hour for the period between January and February 2011. (Docket no. 10, Barnsback Decl. ¶¶ 7, 8, Ex. 6). As stated in the Barnsback Declaration, Melgar's payroll checks for three pay periods (January 17 to January 30, 2011; January 31 to February 14, 2011; and February 15 to February 28, 2011) were dishonored by the bank. (Barnsback Decl. ¶ 7). It is undisputed that because of this, Melgar did not receive payment for the 156.5 hours he worked for defendant during this period at his regular rate of $16.00 per hour. (*Id.* at ¶ 8).

There can be no dispute that under the FLSA plaintiffs are entitled to overtime wages for hours worked in excess of forty in a single workweek and, given the facts as admitted by defendant in its default, each plaintiff is entitled to additional compensation for overtime hours. It is also undisputed that each plaintiff worked for the defendant during the time period from January 17, 2011 to February 28, 2011 and that each plaintiff was not paid any wages for the

time he worked. Given that the facts show an agreement to pay each plaintiff either $16.00 or $17.00 per hour and that plaintiffs were not paid, plaintiffs are entitled to a judgment for unpaid wages for breach of that agreement.

For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of Benitez against defendant in the amount of $2,664.00, comprised of $1,472.00 in unpaid straight time, $596.00 in overtime wages, and $596.00 in liquidated damages.

The undersigned magistrate judge also recommends that a default judgment be entered in favor of Valeriano against defendant in the amount of $2,660.50, comprised of $2,312.00 in unpaid straight time, $174.25 in overtime wages, and $174.25 in liquidated damages.

Finally, the undersigned magistrate judge recommends that a default judgment be entered in favor of Melgar against defendant in the amount of $3,768.00, comprised of $2,504.00 in unpaid straight time, $632.00 in overtime wages, and $632.00 in liquidated damages.

In the event a judgment is entered in favor of the plaintiffs, plaintiffs shall be entitled to an award of their costs pursuant to 28 U.S.C. § 1920, including the filing fee of $350.00 and the fees and costs incurred in serving the defendant upon a filing of a bill of costs. Plaintiffs may also be entitled to an award of attorney's fees for the fees incurred in pursuing the FLSA claim pursuant to 29 U.S.C. § 216(b). Plaintiffs did not submit a request for attorney's fees with their motion for default judgment but state that they will file a motion pursuant to Fed. R. Civ. P. 54(d)(2).

## Notice

By means of the Court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to the defendant, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of this proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

The Clerk is hereby directed to mail a copy of this proposed findings of fact and recommendations to defendant Braga Construction Company, Inc., 7881-B1 Beechcraft Avenue, Gaithersburg, Maryland 20879, and defendant's registered agent, Victor A. Cuco, 3300 North Fairfax Drive, Suite 222, Arlington Virginia, 22201.

ENTERED this 31st day of August, 2011.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia